IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 22 PM 1:41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

In re: CONCORD EFS, INC.
SECURITIES LITIGATION

No. 02-2697

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF CLASS, AND METHOD OF PROPOSED NOTIFICATION OF CLASS MEMBERS**

On September 6, 2002, the first of seven putative class actions was filed against Concord EFS, Inc. ("Concord") and certain of its officers: Dan M. Palmer, Edward A. Labry, III, Edward T. Haslam, Marcia E. Heister, William E. Lucado, Christopher S. Reckert, E. Miles Kilburn, Ronald V. Congemi, and Richard P. Kiphart. The complaints alleged that the Defendants had violated federal securities law by making material misstatements or omissions, which artificially inflated the price of Concord's common stock. On November 29, 2002, these suits were consolidated into the above-styled action. The court appointed Lead Plaintiffs and Lead Counsel, and on October 22, 2004, the Lead Plaintiffs filed a motion for class certification.

The parties participated in voluntary mediation sessions with an independent mediator and engaged in negotiations as part of that mediation session and afterward. On July 13, 2005, the parties

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-25-05

131

notified the court that they had entered into a Stipulation and Agreement of Settlement of Class Action and filed a joint motion for preliminary approval of the settlement. After evaluating the Agreement and holding a hearing on July 15, 2005, the court concluded that the parties had met the requirements for preliminary approval of the class settlement. The parties' joint motion for preliminary approval of the class settlement is GRANTED, and the October 22, 2004 motion for class certification is DENIED as moot.

It is hereby ORDERED:

## I. Preliminary Class Certification for Settlement Purposes

Under Fed. R. Civ. P. 23(a) and (b)(3), this action is preliminarily certified as a class action for settlement purposes on behalf of all persons or entities who, from March 29, 2001, through September 4, 2002, inclusive, ("the Class Period") bought or otherwise acquired Concord EFS, Inc. common stock.

Excluded from the Settlement Class are 1) such persons or entities who submit valid and timely requests for exclusion from the Settlement Class, and 2) such persons or entities who are Defendants, immediate family members of the individual Defendants, any entity in which any Defendant has a controlling interest or had a controlling interest during the Class Period, and the legal representatives, officers and directors, heirs, successors or assigns of any party so excluded.

## II. Class Representatives

Under Fed. R. Civ. P. 23, and for purposes of settlement only, Lead Plaintiffs J.T. Milligan, James Keith Milligan, and J. Curtis Williams, Jr. are preliminarily certified as Class Representatives.

## III. Settlement Hearing

A hearing (the "Settlement Hearing") will be held under Fed. R. Civ. P. 23(e) in this court on October 21, 2005, at 1:30 p.m., to make a final determination of the fairness, reasonableness, and adequacy of the proposed settlement to the Settlement Class and to resolve any other legal prerequisites to approval of the settlement. Plaintiffs' Lead Counsel's memoranda in support of the class settlement, application for fees, costs, and expenses, shall be filed no later than October 11, 2005, and shall be available for inspection at the court clerk's office after filing.

## IV. Appointment of Settlement Administrator

The court approves the appointment of The Garden City Group, Inc., as the Settlement Administrator. Plaintiffs' Lead Counsel may pay the Settlement Administrator the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement Agreement out of the Notice and Administration Fund without further order of the court.

## V. Notice

The court approves the form, substance, and requirements of

the proposed Notice, the Proof of Claim and Release ("Proof of Claim"), and the Summary Notice in the form substantially set out in Exhibits A-1, A-2, and A-3, respectively, to the Settlement Agreement. Notice will be given according to the method set forth below.

### A. Notice by Mail

Plaintiffs' Lead Counsel shall cause a copy of the Notice and Proof of Claim to be mailed, by first-class, registered, or certified mail, postage prepaid, on or before August 10, 2005, to all Settlement Class Members who can be identified with reasonable effort. Defendants shall cooperate in making Concord's transfer records and shareholder information available to Plaintiffs' Lead Counsel and the Settlement Administrator for the purpose of identifying and giving notice to the Settlement Class.

The Settlement Administrator shall use reasonable efforts to give notice to Nominees or other individuals who hold stock solely for the benefit of another. Such Nominees are directed within seven (7) days of receipt of the Notice to forward copies of the Notice and Proof of claim to their beneficial owners or to provide the Settlement Administrator with lists of names and addresses of the beneficial owners, in which case the Settlement Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Nominees who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the

4

Settlement Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any Nominee requesting such copies for the purpose of distribution to beneficial owners. Nominees shall be reimbursed from the Notice and Administration Fund, upon receipt by the Settlement Administrator of proper documentation, for the reasonable expenses of sending Notices and Proofs of Claim to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Hearing, file with the court proof of mailing of the Notice and Proof of Claim.

### B. Publication on Internet

No later than August 10, 2005, Plaintiffs' Lead Counsel shall post a copy of the following on their website: 1) the Notice, 2) Proof of Claim, 3) the Complaint, 4) the Settlement Agreement, and 5) such other pleadings, documents, and orders of the court as the Settling Parties may agree or the court may order.

### C. Summary Notice

No later than August 10, 2005, Plaintiffs' Lead Counsel shall cause the Summary Notice to be published on at least one occasion in the national edition of *Investor's Business Daily*. Plaintiffs' Lead Counsel shall, at or before the Settlement Hearing, file with the court proof of publication of the Summary Notice.

## VI. Exclusion from the Settlement Class

Members of the Settlement Class will be bound by all determinations and judgments in this action and by all provisions in the Settlement Agreement, if it receives final approval, unless potential members request exclusion from the Class in a timely and proper manner, as provided in this order. A potential member of the Settlement Class wishing to make a request for exclusion must mail by first-class mail or otherwise deliver the written request to the Settlement Administrator, care of the address provided in the Notice, so that the request is postmarked or received no later than October 4, 2005. A request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, state that the sender requests to be excluded from the Settlement Class in the Concord Securities Litigation, and be signed by the person seeking exclusion.

Persons requesting exclusion are also directed to state the date(s), price(s), and number of shares of all purchases and other acquisitions of Concord common stock, or of sales of put options on Concord common stock, during the Settlement Class Period. All members who do not submit valid and timely written requests for exclusion from the Settlement Class (and their heirs, executors and administrators, predecessors, successors, affiliates as defined by 17 C.F.R. § 210.1-02.b, and assigns) will be bound by all proceedings, orders, and judgments relating to the settlement, even

if those members have previously initiated, or subsequently initiate, litigation, arbitration or any other proceeding, or have any claim that is deemed released in a settlement approved by the court.

Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment from the Net Settlement Fund, as described in the Settlement Agreement (if approved) and Notice. Plaintiffs' Lead Counsel shall submit a list of the persons and entities who have requested exclusion to the Court at or before the Settlement Hearing.

## VII. Objections and Appearance at Settlement Hearing

Members of the Settlement Class who have not filed requests for exclusion may object to any aspect of the proposed Settlement Agreement, the Plan of Allocation and/or the award of attorneys' fees and reimbursement of expenses. To be considered by the court, a member must effect service on Plaintiffs' Lead Counsel and Defendants' Lead Counsel and file with the court no later than October 4, 2005, a statement of the member's objection(s), setting out in that statement 1) the member's name, address, and telephone number, 2) the member's membership in the Settlement Class, and 3) the reasons for the member's objection, including any factual and/or legal materials supporting that objection. Defendants' Counsel, Plaintiffs' Lead Counsel, and any other counsel for the class, are directed to furnish each other promptly with copies of

any and all objections or written requests for exclusion that come into their possession. If a member hires an attorney to represent him for the purposes of objecting to the settlement, the attorney must effect service of a notice of appearance on Plaintiffs' Lead Counsel and Defendants' Counsel and file it with the Court no later than October 4, 2005. Any member who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, except for good cause shown. Members do not need to appear at the hearing or take any other action to indicate their approval.

## VIII. Preliminary Injunction

Pending the final approval of the proposed settlement, no member of the Settlement Class (or the member's heirs, executors and administrators, predecessors, successors, affiliates as defined by 17 C.F.R. § 210.1-02.b, and assigns) may, either directly, representatively, or in any other capacity, file, commence, prosecute, intervene in, participate in (as class members or otherwise) or receive any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction based on or relating in any way to the claims and causes of action in the instant lawsuit.

Pending final approval of the proposed settlement, no persons or entities may organize members into a separate class for purposes

8

of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the claims and causes of action in the instant lawsuit.

## IX. Conclusion

The parties' joint motion is GRANTED. The parties are ORDERED to comply with the following deadlines and notice given by the parties shall incorporate the deadlines where applicable: 1) notice of the proposed settlement is to be given to class members according to the instructions above no later than August 10, 2005, 2) notice that a potential class member wishes not to join the settlement class, objects to the proposed settlement, or has retained counsel to represent the member at the Settlement Hearing must be provided according to the instructions above no later than October 4, 2005, and 3) Plaintiffs' Lead Counsel's memoranda in support of the class settlement, application for fees, costs, and expenses, shall be filed no later than October 11, 2005. The Settlement Hearing will be held on October 21, 2005, 1:30 p.m., in 11th Floor Courtroom #2, Clifford Davis Federal Building, 167 North Main Street, Memphis, Tennessee 38103.

So ordered this 21st day of July 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 131 in case 2:02-CV-02697 was distributed by fax, mail, or direct printing on July 25, 2005 to the parties listed.

---

Katherine B. Dubose
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Joseph C. Kohn
KOHN SWIFT & GRAF PC
One South Broad Street
Ste. 2100
Philadelphia, PA 19107--292

Mark R. Rosen
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Henry Rosen
MILBERG WEISS BERSHAD HYNES & LERACH, LLP
600 West Broadway
Ste. 1800
San Diego, CA 92101

Darren J. Robbins
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

David B. Kahn
DAVID B. KAHN & ASSOCIATES, LTD.
One Northfield Plaza
Suite 100
Northfield, IL 60093

Gerard D. Kelly
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN
401 E. Pratt St.
Ste. 2525
Baltimore, MD 21202

William E. Hoese
KOHN SWIFT & GRAF PC
One South Broad Street
Ste. 2100
Philadelphia, PA 19107--292

Timothy L. Miles
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Scott J. Crosby
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Nathan A. Bicks
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Ronald D. Krelstein
LAW OFFICE OF RONALD D. KRELSTEIN
7515 Corporate Centre Drive
Germantown, TN 38138--383

Wade B. Cowan
LAW OFFICES OF WADE B COWAN
404 Georgetown Drive
Nashville, TN 37205

Jeffrey A. Barrack
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Daniel E. Bacine
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

George E. Barrett
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

W.J. Michael Cody
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Gustavo Bruckner
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Andrew J. Brown
LERACH COUGHLIN STOIA & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Paul Kent Bramlett
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215--073

Rachel M. Blum
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

William F. Conlon
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

William S. Lerach
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

David F. Graham
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

Paulette S. Fox
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Douglas S. Johnston
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Peter C. Harrar
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Fred Taylor Isquith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

John M. Elliott
ELLIOTT REIHNER SIEDZIKOWSKI & EGAN PC
Union Meeting Corporate Center V
925 Harvest Dr.
Blue Bell, PA 19422

Mark E. King
DAVID B. KAHN & ASSOCIATES, LTD.
One Northfield Plaza
Suite 100
Northfield, IL 60093

Honorable Samuel Mays
US DISTRICT COURT