## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### MEMPHIS DIVISION

| | | |
|---|---|---|
| IN RE CONCORD EFS, INC.<br>SECURITIES LITIGATION | )<br>) | No. 02-2697 Ma<br>**Judge Mays** |

*Filed in Open Court*
*10-21-05*

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
## AND PLAN OF ALLOCATION

WHEREAS, Lead Plaintiffs J.T. Milligan, James Keith Milligan and J. Curtis Williams, Jr., and Defendants Concord EFS, Inc., Dan M. Palmer, Edward A. Labry, III, Edward T. Haslam, Marcia E. Heister, William E. Lucado, Christopher S. Reckert, E. Miles Kilburn, Ronald V. Congemi, and Richard P. Kiphart entered into a Stipulation and Agreement of Settlement of Class Action (the "Settlement Agreement"), dated July 13, 2005;

WHEREAS, the Court entered a July 21, 2005 Order (the "Preliminary Approval Order"), preliminarily certifying the putative class in the Action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering individual and publication notice to potential class members, scheduling a Fairness Hearing and providing those persons identified as members of the putative Settlement Class with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement;

WHEREAS, the Court entered an August 2, 2005 Supplemental Order providing a court-imposed deadline of December 16, 2005, for submission of a properly executed Proof of Claim to the Settlement Administrator, at the address indicated in the Notice of Pendency and Settlement of Class Action;

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___10-24-05___

143

WHEREAS, the Court held a Final Approval Hearing on October 21, 2005 to determine (i) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate and should therefore be approved; (ii) whether judgment should be entered dismissing the Consolidated Amended Class Action Complaint (the "Complaint") on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Settlement Class Members; (iii) whether to approve the Plan of Allocation of the proceeds of the Net Settlement Fund as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (iv) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel Wolf Haldenstein Adler Freeman & Herz LLP, as well as other plaintiffs' firms, Bramlett Law Offices, Law Offices of Charles J. Piven, P.A., Vianale & Vianale LLP, and the Law Office of Marc S. Henzel (collectively, "Class Counsel");

WHEREAS, the Court ordered the "Notice of Pendency and Settlement of Class Action" (the "Notice"), along with the Proof of Claim and Release Form, to be mailed by certified mail, or its substantive equivalent, by the Settlement Administrator on or after August 10, 2005, at the direction and under the supervision of plaintiffs' Lead Counsel, to all persons and entities who could be identified as Class Members through reasonable efforts, and the affidavits filed with contemporaneously with this Motion establish that there has been full compliance with the Court's directives with respect to the Notice; and

WHEREAS, the Court is contemporaneously issuing a Final Judgment that, among other things, grants final certification of the settlement class, approves the proposed settlement and dismisses class members' claims as set out in the Complaint with prejudice;

2

NOW THEREFORE, based on the submissions of the parties and Class Members, and on the arguments of counsel at the Final Approval Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     **Incorporation of Settlement Documents.**   This Final Order Approving Class Action Settlement and Plan of Allocation (the "Final Approval Order") incorporates and makes a part hereof the Settlement Agreement, filed with this Court on July 13, 2005, including Exhibits A, A-1, A-2, A-3 B, and C thereto. Unless otherwise defined in this Final Approval Order, the capitalized terms used herein have the same meaning as they have in the Settlement Agreement.

2.     **Jurisdiction.**   The Court has personal jurisdiction over all Class Members (as defined below) and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed settlement and the Plan of Allocation, grant final certification of the Class and dismiss the Action on the merits and with prejudice.

3.     **Final Class Certification.**   The Court finds that the Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for the reasons set out in the Preliminary Approval Order. The Court therefore finally certifies for settlement purposes a Settlement Class consisting of all persons or entities who purchased or otherwise acquired Concord common stock, during the period from March 29, 2001 through September 4, 2002 (the "Class Period"). The Settlement Class certified by this Court for settlement purposes does *not* include:

(a)     such persons or entities who submitted valid and timely requests for exclusion from the Settlement Class;

(b)    such persons or entities who settled an actual or threatened lawsuit or other proceeding with Concord and released Concord from any further claims concerning their purchase or other acquisition of Concord common stock during the Class Period;

(c)    such persons or entities who are defendants, family members of the Individual Defendants, any entity in which Concord has or had a controlling interest during the Class Period or the legal representatives, heirs, executors, successors or assigns of any such excluded person or entity; or

(d)    any directors or officers of Concord during the Class Period.

A complete list of those persons or entities who requested exclusion from the Settlement Class is attached hereto as Exhibit 1. The persons and entities set out on this list shall be deemed to be excluded from the Settlement Class.

4.    **Adequacy of Representation.** Lead Counsel and Lead Plaintiffs have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Rules 11 and 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77a-1(a)(3)(B)(ii)) (the "PSLRA").

5.    **Notice.** The Court finds that the distribution of the Notice, the publication of the Summary Notice and the notice methodology were all implemented in accordance with the Court's Preliminary Approval Order. The Court further finds that the Notice, the Summary Notice and the notice methodology (i) constituted the best practicable notice to Class Members under the circumstances of the Action; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise putative Settlement Class Members of (a) the pendency of the Action, (b) the effect of the Settlement Agreement (including the Release), (c) the binding

4

effect of the Orders and Final Judgment in the Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class, (d) their right to object to the proposed settlement, (e) their right to review discovery produced to Lead Plaintiffs by defendants, (f) their right to exclude themselves from the Settlement Class and (g) their right to appear at the Fairness Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law.

6.   **Final Settlement Approval.**   The terms and provision of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law, and in the best interests of each of the parties and the Settlement Class Members. The parties are directed to consummate the Settlement Agreement in accordance with its terms and provisions.

7.   **Binding Effect.**   The terms of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment shall be forever binding on Lead Plaintiffs and all other Settlement Class Members, as well as all of their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns.

8.   **Release.**   The Release and relevant definitions of the Settlement Agreement are expressly incorporated herein in all respects.   The Release is effective as of the Effective Settlement Date and forever discharges, among other things, the Releasees from any claims of

liabilities arising from the Released Claims. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Releasees on the merits and with prejudice by virtue of the proceedings herein and this Final Approval Order and the Final Judgment.

9.   **Permanent Injunction.**   All Settlement Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims. All persons or entities are permanently barred and enjoined from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the claims and causes of action, and/or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

10.   **No Evidentiary Effect.**   This Final Approval Order, the Final Judgment, the Settlement Agreement (whether or not consummated), any of its terms and provisions, any of the negotiations or proceedings connected with it, any of the documents or statements referred to in it, and any proceedings taken pursuant to it:

(a)   shall not be offered or received against any of defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of

defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of defendants;

(b)      shall not be offered or received against any of defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any defendant;

(c)      shall not be offered or received against defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; *provided however*, that if the Settlement Agreement is approved by the Court, this Final Approval Order, the accompanying Final Judgment or the Settlement Agreement may be filed in any action against or by any defendant to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim;

(d)      shall not be construed against defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Settlement Class Members that

7

any of their claims are without merit, or that any defenses asserted by defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.   **Plan of Allocation.** The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and provisions.

12.   **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

13.   **Attorneys' Fees and Expenses.** Class Counsel are hereby awarded *18* % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ *483,199.26* in reimbursement of expenses, which expenses shall be paid to Class Counsel pursuant to the terms of the Settlement Agreement. The award of attorneys' fees shall be allocated among all counsel representing plaintiffs in a manner which, in the opinion of Lead Counsel, fairly compensates all such counsel for their respective contributions in the prosecution of the Action.

14.   In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a)   the settlement has created a fund of $13.25 million in cash that is already on deposit in an interest-bearing escrow account;

(b)   the numerous Class Members who have filed or will file timely and valid Proofs of Claim will benefit from the settlement created by Lead Counsel;

(c)   Notices were mailed to 248,978 potential Settlement Class Members, as well as 2,725 brokerage firms, banks, institutions and other nominees, indicating that Class Counsel were moving for attorneys' fees in the amount of up to 25% of the Settlement Amount

and for reimbursement of expenses in an amount not to exceed $500,000, and no objections were filed with respect to the terms of the proposed settlement or the amount of the fees and expenses requested by Lead Counsel contained in the Notice;

(d)     Class Counsel has conducted the litigation and achieved the Settlement Agreement with skill, perseverance and diligent advocacy;

(e)     The action involves complex factual and legal issues and was actively litigated;

(f)     In the absence of a settlement, further prosecution would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(g)     Had Class Counsel not achieved the settlement there would remain a significant risk that plaintiffs and the Class may have recovered less or nothing from defendants;

(h)     Class Counsel has devoted over 3,650.5 hours, with a lodestar value of $1,434,007.00, to achieve the Settlement Agreement; and

(i)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Amount are consistent with awards in similar cases.

15.     The preceding paragraphs 13 and 14 of this Final Approval Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Lead Counsel or any other counsel of record representing plaintiffs, Lead Plaintiffs or Settlement Class Members in the action, or incurred by plaintiffs, Lead Plaintiffs or Class Members, or any of them, in connection with or related in any manner to the Action and/or Released Claims, and the settlement of the Action except to the extent otherwise specified in this Final Approval Order or the Settlement Agreement.

16.     **Modification of Settlement Agreement.**   The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement, provided that such amendment, modifications and expansions of the Settlement Agreement are not materially inconsistent with this Final Approval Order and/or the Final Judgment and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.   Any modification in the Plan of Allocation that involves an amount equal to or less than ten percent (10%) of the total distribution amount involved in the Plan of Allocation shall be deemed to be materially consistent with this Final Approval Order and the Final Judgment and shall be deemed not to materially limit the rights of Settlement Class Members under the Settlement Agreement.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     **Retention of Jurisdiction.**   The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment.   Without in any way affecting the finality of this Final Approval Order and the accompanying Final Judgment, the Court expressly retains continuing and exclusive jurisdiction over the parties and the Settlement Class Members for all matters relating to the Action, including the administration, consummation, interpretation, effectuation or enforcement of the Settlement Agreement and of this Final Approval Order and the Final Judgment, and for any other reasonably necessary purpose, including, without limitation,

(a)     enforcing the terms and conditions of the Settlement Agreement (including, without limitation, enforcement of the permanent injunction);

(b)     resolving any disputes, claims or causes of action that, in whole or in part are related to or arise out of the Settlement Agreement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member, and whether claims or causes of action allegedly related to the Action are or are not barred by the Final Judgment or Release);

(c)     reviewing any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class;

(d)     entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and/or the Final Judgment; and

(e)     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction,

provided that nothing in this paragraph 17 is intended to restrict the ability of the parties to exercise their rights under paragraph 16 of this Final Approval Order.

18.     **Dismissal of Action.** This action, including all individual claims and class claims, is hereby dismissed on the merits and with prejudice against Lead Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided in this Final Approval Order and the Final Judgment.

19.     **Rule 58 Separate Judgment.**   The Court is contemporaneously entering the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this 21st day of October 2005.

_____
Honorable Samuel H. Mays, Jr.
United States District Judge

/401192v4

12

SEP 27 2005

9/19/05

To Whom It May Concern:

a) I, Mary M Allou, Trustee
   of Mary M Allou Trust,

d) request exclusion from
   Concord EFS, Inc. Securities
   Litigation, Civil Action
   No. 02-CV-2697.

b) MARY M. ALLOU        (704) 552-2657
   2609 WENSLEY DR.
   CHARLOTTE, NC 28210

c) 45 SHARES CONCORD EFS INC. BOUGHT 01/09/02
   30  "    "    "    "    "    '08/13/02

Mary M. Allou

 **Trust**

110 West Main Street
Eaton, OH 45320-1746
937•456-5544 / 800•332-6650
Fax 937•456•6433

September 19, 2005

SEP 14 2005

CONCORD EFS, INC SEURITIES LITIGATION EXCLUSIONS
C/O  THE GARDEN CITY GROUP, INC
SETTLEMENT ADMINISTRATOR
P. O. BOX 9000 # 6344
MERRICK, NEW YORK   11566-9000

### RE; CONCORD EFS, INC.  CUSIP # 206197105

ATTN;  CLAIMS ADMINISTRATOR:

The below listed firm wishes to be excluded from the class action for cusip
# 206197105:

**CUSTODIAN ACCOUNT AT THE BANK OF NEW YORK  # 117449**

**87501  EATON NATIONAL BANK**

Should you have any questions regarding the above please contact me at
937-456-5544  or 800-332-6650.

Sincerely,

Myra Frame
Trust Officer

Eaton National Bank and Trust Co.
www.ENBbank.com



Eaton National Bank and Trust Co.
110 WEST MAIN STREET
EATON, OHIO  45320

Concord EFS, INC Securities Litigation Exclusions
C/O The Garden City Group, INC
Settlement Administrator
P.O. Box 9000 #6344
Merrick, NY 11566-9000

11566+5000-00 8050

UNITED STATES POSTAGE
02 1A
0004394764    $ 00.370
SEP 09 2005
MAILED FROM ZIP CODE 45320
PITNEY BOWES

 **Mellon**

525 William Penn Place
Room 3418
Pittsburgh, PA 15259

**REQUEST FOR EXCLUSION**



October 4, 2005

Claims Administrator
The Garden City Group, Inc.
P.O. Box 9000 #6344
Merrick, NY 11566-9000

**In re Corcord EFS, Inc. Securities Litigation; Civil Action No. 02-CV-2697**

On behalf of our client, please accept this letter as authorization to process the following request for exclusion from the above-mentioned class action.

Mellon Global Securities Services is acting as agent for:

- **MANF0080102       EXETER FUND INC PURE MARK SERI**

Please see the attached report for the dates, prices, and number of shares of Concord EFS common stock purchased and sold during the class period.

Also, please accept the enclosed documents as valid proof of transactions that took place during the class period. Copies of original broker confirmation slips are not accessible to our reorganization area. To the best of our knowledge, the enclosed documents are true and valid.

If you have any questions, please do not hesitate to call me at 412.234.3611.

Sincerely,

Timothy Steinbrenner

Enclosures

Concord EFS, Inc. Securities Litigation Exclusions

| Customer Account Name | Account # | Tax Id # | CUSIP | Security Code | TType | Trade Date | # Shares | Price/Share | Net Amount |
|---|---|---|---|---|---|---|---|---|---|
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | B | 03/28/2001 | 113.000 | | |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | P | 07/16/2001 | 6.000 | 59.0990 | 354.59 |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | R | 10/01/2001 | 119.000 | 0.0000 | 0.00 |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | S | 10/10/2001 | -100.000 | 27.9410 | 2,794.10 |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | S | 01/04/2002 | -19.000 | 31.6310 | 600.99 |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | P | 01/08/2002 | 19.000 | 31.8790 | 605.70 |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | P | 04/19/2002 | 151.000 | 32.4890 | 4,905.84 |
| EXETER FUND INC PURE MARK SERI | MANF0080102 | 046013753 | 206197105 | CS | U | 09/04/2002 | 289.000 | | |

Mellon Global Securities Services

Dear Sirs:

We, Floyd C. Halliman And Wilma Jean Halliman JTWROS 812 Skyline Dr. Borger, Tex. 79007 806-273-5065  Wish to be excluded from the Class action,

Re Concord E F S, Inc. Securities Litigation, Civil Action NO. 02-CV-2697)

These securities were held by

Merrill Lynch
201 Main Street 2100
Fort Worth, Tex. 76102-3190
817-877-9643
Don Beecher III, CFM

We are including a security detail from Merrill Lynch, showing the Concord transactions.

Again we wish to be excluded from this action.

Floyd C. Halliman

Wilma Jean Hall



```
                                                 12:50 09/21/05 PG   1
FMR                     FINANCIAL CONSULTANTS               COB 09/20/05
                          SECURITY DETAIL                   FC:0000
ACCT: 84L-12695 *NAME NOT AVAILABLE*
DESC: CONCORD E F S INC         SYM: 19883          QRQ:         SEC NO: 19883
                                CURR POS:           MKT VAL:
                                CURR PX:     .0000  STRATEGY:      TECH:
    DATE    TYPE SOL     QTY    PRICE    NET AMOUNT        COMMENT
  07/24/02 SLD          30C    24.1400      724C  _____
  10/04/01 DIV          15      .0000         0   _____
  10/04/01 DUDB         15C     .0000         0   _____
  10/01/01 DUDB         15      .0000         0   _____
  05/04/01 BOT          15    45.0787       676   _____
==========================================================================
    TOTAL BUYS       15       TOTAL DEBITS        15
    TOTAL SELLS      30       TOTAL CREDITS       30

FOR INFORMATION PURPOSES ONLY - ACCOUNT STATEMENT IS OFFICIAL RECORD
THIS INFO MUST NOT BE USED IN PLACE OF THE MERRILL LYNCH TAX REPORTING
STATEMENT FOR TAX INFORMATION.
                        <END>
```

# Merrill Lynch

FLOYD C HOLLIMAN AND

**Account No.** 84L-12695

**Taxpayer No.** 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

**Page** 18 of 24

## 2002 ANNUAL STATEMENT SUMMARY
## 2002 CAPITAL GAIN AND LOSS TRANSACTIONS

| Security Description | Quantity | Date Acquired Cover of Short | Date Liquidated Short Sale | Amortization/Accretion Year-to-Date / Life-to-Date | Sales Price | Cost Basis | Gain or (Loss) |
|---|---|---|---|---|---|---|---|
| BED BATH & BEYOND INC | 10 | 04/26/01 | 07/24/02 | | 311.79 | 287.00 | 24.79 |
| BANKER INTL INC | 5 | 03/20/00 | 05/15/02 | | 171.21 | 90.86 | 80.35 |
| | 25 | 03/20/00 | 07/24/02 | | 729.97 | 454.34 | 275.63 |
| CARDINAL HEALTH INC OHIO | 20 | 12/02/99 | 07/24/02 | | 1,019.70 | 960.00 | 59.70 |
| | 10 | 12/02/99 | 07/24/02 | | 509.85 | 480.00 | 29.85 |
| CONCORD E F S INC | 30 | 05/04/01 | 07/24/02 | | 724.17 | 676.18 | 47.99 |
| DARDEN RESTAURANTS INC | 37 | 01/12/01 | 07/24/02 | | 832.47 | 506.25 | 326.22 |
| FAMILY DOLLAR STORES | 5 | 02/03/00 | 05/03/02 | | 173.74 | 89.69 | 84.05 |
| | 7 | 02/03/00 | 05/15/02 | | 257.23 | 125.58 | 131.65 |
| | 3 | 02/10/00 | 05/15/02 | | 110.25 | 53.61 | 56.64 |
| | 27 | 02/10/00 | 07/24/02 | | 878.54 | 482.49 | 396.05 |
| | 5 | 04/24/00 | 07/24/02 | | 162.69 | 95.31 | 67.38 |
| | 10 | 04/30/01 | 07/24/02 | | 325.40 | 258.10 | 67.30 |
| FREDDIE MAC | 20 | 12/02/99 | 07/24/02 | | 1,163.56 | 957.50 | 206.06 |
| JOHNSON AND JOHNSON COM | 20 | 11/06/00 | 07/24/02 | | 964.97 | 925.00 | 39.97 |
| KOHLS CORP WISC PV 1CT | 5 | 03/27/01 | 07/24/02 | | 318.44 | 305.22 | 13.22 |
| | 5 | 04/26/01 | 07/24/02 | | 318.44 | 298.50 | 19.94 |
| LOWE'S COMPANIES INC | 10 | 03/28/01 | 05/29/02 | | 479.52 | 288.60 | 190.92 |
| | 30 | 03/28/01 | 07/24/02 | | 1,099.46 | 865.83 | 233.63 |
| MARSH & MCLENNAN COS INC | 40 | 12/02/99 | 07/24/02 | | 1,695.94 | 1,562.50 | 133.44 |
| PHILLIPS PETROLEUM | 16 | 08/11/00 | 07/24/02 | | 761.73 | 579.62 | 182.11 |

William A. Smith
1100 Hemlock St.
Borger, TX 79007

Concord EFS, Inc. Securities Litigation
<u>EXCLUSIONS</u>
C/O The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

Ref: In re Concord EFS, Inc. Securities Litigation, Civil Action No. 02-CV-2697

Gentlemen/Mesdames:

<u>I STIPULATE THAT I BE EXCLUDED FROM THE ABOVE REFERENCED CIVIL ACTION!</u>

Eighty (80) shares of Concord EFS, Inc. common stock were purchased in my name by Roxbury Capital
Management on January 9, 2002

Fifty-five (55) shares of Concord EFS, Inc. common stock were purchased in my name by Roxbury Capital
Management on August 13, 2002.

One hundred thirty-five (135) shares of Concord EFS, Inc. common stock were sold in my name by
Roxbury Capital Management on November 26, 2002.

Truly,

*William A Smith*

William A. Smith
1100 Hemlock St.
Borger, TX 79007
Ph. (806) 273-7897

William A. Smith
1100 Hemlock St.
Borger, TX 79007-5716



CERTIFIED MAIL

7005 0390 0001 0226 0359

RETURN RECEIPT
REQUESTED

UNITED STATES
POSTAL SERVICE

9264
11566

9/30/05

$4.42
000785-14-07

TX 7900
SEP 30 2005
U.S. POSTAGE
BORGER, TX 79007
AMOUNT
USPS

Concord EFS, Inc. Securities Litigation
EXCLUSIONS
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

11566+9000 9050

September 29, 2005



Concord EFS, Inc. Securities Litigation
Exclusions
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

Subject Action: In re Concord EFS, Inc. Securities Litigation, Civil Action
No. 02-CV-2697

Sirs:

I, Robert A. Wilson, 4285 Parkview Drive, Salt Lake City, UT 84124,
request exclusion from the above mention litigation

During the period of March 29, 2001 through September 4, 2002 I was
the individual owner of 180 shares of common stock issued by Concord
EFS, Inc.

I will appreciate your attention to this REQUEST FOR EXCLUSION from the
subject litigation.


Respectfully,

Robert A. Wilson
4285 Parkview Dr.
S.L.C., UT 84124

R. Wilson
P.2B9 Arrowhead Dr,
S.L.C. UT 84124

SALT LAKE CITY UT 841

30 SEP 2005 PM 2 L

9/30/05

CONCORD EFS, INC. SECURITIES LITIGATION
EXCLUSION
C/O THE GARDEN CITY GROUP, INC.
SETTLEMENT ADMINISTRATOR
P.O. BOX 9000 #6344
MERRICK NY 11566-9000

September 29, 2005
2486 Iron Forge Rd.
Oak Hill, VA 20171

Concord EFS, Inc. Securities Litigation
EXCLUSIONS
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000



Dear Sir or Madam:

I request exclusion from *In re Concord EFS, Inc. Securities Litigation*, Civil Action No.
02-CV-2697.

Kurt J. Snapper
Charles Schwab & Co Inc Cust
2486 Iron Forge Road
Herndon, VA 20171-2915

I do not want to be a part of this lawsuit and did not request to be a part it. Details of
stock purchases and dates are not included because I was to sign under penalty of perjury
that all information was accurate. I am not comfortable that I can interpret my records
accurately. I request to opt out of this lawsuit and request that this Request for Exclusion
be accepted by the Court. Thank you.

Sincerely,

Kurt J. Snapper
703.904.1963



Mr. Kurt J. Snapper
2486 Iron Forge Rd.
Herndon VA 20171

Conrad EFS, Inc. Securities Litigation
Exclusions
To the Shadow City, Change, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrifield, VA

10/13/05





THE GARDEN CITY GROUP INC.
OCT 17 2005

Oct 4, 2005

Dear Sir,

Action Re: Concord EFS, Inc Securities Litigation
Civil Action No. 02-CV-2697

my name: Joanne S Brinser
Beneficiary owner  25 maple St
                    Middletown, Pa 17057-2235
                    phone 717-944-3548
Record owner of concord stock: Smith Barney
                    citigroup Global Mkts, Inc
                    P.O. Box 12057
                    11 N. 3rd St, 2nd Floor
                    Harrisburg, Pa 17101
                    phone 717-780-1700

# shares common stock for Concord purchased
Bought 400 shares of Concord, EFS, Inc on 9-1-02
      for $18.25 per share or $7,310.00 total amount

Excluded - I want to be excluded from the class
      Action suit Re Concord EFS, Inc securities
      Litigation, Civil Action No 02-CV-2697

Thank you.
                                        Sincerely,
                                        Joanne C Brinser

Miss Joanne C. Brinser
25 Maple St
Middletown, PA 17057-2235

Concord EFS, Inc. Securities Litigation

Exclusions

c/o The Garden City Group, Inc.

Settlement Administrator

P.O. Box 9000, # 6344

Merrick, NY 11566-9000

4/10/05

Where the Spirit of the Lord
is present, there is freedom.
2 CORINTHIANS 3:17b (GNT)

HARRISBURG PA 171

04 OCT 2005  PM 5 T

HANUKKAH USA 37

Concord EFS, Inc Securities Litigation
Exclusions
c/o The Garden City Group, Inc
Settlement Administrator
P.O. Box 9000 #6344
Merrick, NY 11566-9000

11566-9000

Concord EFS, Inc. Securities Litigation
Exclusions
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000



Gentlemen:

I wish to be excluded from the the Class Action re Concord EFS, Inc. Securities Litigation, Civil Action No. 02-CV-2897.

No shares of Concord common stock stock, or options in Concord common stock, were transacted in my name in the period designated in the Action.

Sincerely,

Elizabeth P. Holmes

5 Vine Brook Way
Woburn, MA 01801

781-938-1355

Elizabeth P. Holmes
5 Vine Brook Way
Woburn, MA 01801

3/10/05

Concord EFS, Inc. Securities Litigation Exclusions
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

11566+9000







| Must be Postmarked No Later Than: December 16, 2005 | Concord EFS, Inc. Securities Litigation c/o The Garden City Group, Inc. Settlement Administrator P.O. Box 9000 #8344 Merrick, New York 11566-9000 Toll Free: (800) 259-0294 |
|---|---|



CEF

## PROOF OF CLAIM AND RELEASE

**PART I: CLAIMANT IDENTIFICATION**

Claim Number: **01124414**    Control Number: **1933718734**

DELAWARE CHAPTER GUARANTEE &
TRUST COMPANY TR FBO
RALPH W FURTH IRA R/O
11656 S BROOKSIDE DR
PALOS PARK, IL 60464-3080

*IF THE ABOVE AREA IS BLANK, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE* ➡

Please fill in Social Security Number/
Taxpayer ID Number if box is blank:

Daytime Telephone Number: (    ) -

Evening Telephone Number: (    ) -

WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:

Name: *I do not wish to be a claimant. I wish to be excluded.*

Address: *Ralph W Furth 10/6/05*

City:

State/Country:

Zip Code:

**Identity of Claimant (Check one):**
- ☐ Individual/Sole Proprietor
- ☐ Pension Plan
- ☐ Trust
- ☐ Other_____  (specify)
- ☐ Corporation
- ☐ Partnership
- ☐ IRA

**TO:**    ALL PERSONS OR ENTITIES WHO, DURING THE PERIOD FROM MARCH 28, 2001 THROUGH SEPTEMBER 4, 2002, INCLUSIVE, PURCHASED OR OTHERWISE ACQUIRED CONCORD EFS, INC. ("CONCORD") COMMON STOCK.

ALL CLAIMANTS ARE URGED TO PLEASE READ THESE INSTRUCTIONS, NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION (THE "NOTICE") ACCOMPANYING THIS PROOF OF CLAIM ("PROOF OF CLAIM") AND HOW TO COMPLETE THE PROOF OF CLAIM PROPERLY.

**I.    GENERAL INSTRUCTIONS**

1.    To recover as a Member of the Settlement Class based upon your claims in the consolidated action entitled in re Concord EFS, Inc. Securities Litigation, Civil Action No. 02-2697, pending in the United States District Court for the Western District of Tennessee, you must complete and, on page 5 hereof, sign this Proof of Claim. If you fail to file a properly completed Proof of Claim in the manner and time set forth in paragraph 3 below, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action, as defined in the Notice.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM, SO THAT IT IS POSTMARKED OR RECEIVED ON OR BEFORE DECEMBER 16, 2005, TO THE FOLLOWING ADDRESS:

Concord EFS, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #8344
Merrick, New York 11566-9000



4.      If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5.      If you are a Settlement Class Member and you did not timely and validly request exclusion in connection with the proposed settlement, you will be bound by the terms of any Judgment entered in the Action, including the releases provided therein, REGARDLESS OF WHETHER YOU SUBMIT A PROOF OF CLAIM.

## II.   CLAIMANT IDENTIFICATION

1.      If you purchased Concord common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Concord common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"). If different from the beneficial purchaser of the Concord common stock forming the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE CONCORD COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees may complete and sign this claim on behalf of persons represented by them, but the claim must be accompanied by evidence demonstrating their current representative capacity and authority. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim and/or result in claim rejection.

## III.   CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Concord common stock" to supply all required details of your transaction(s) in Concord common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all requested information with respect to all of your purchases and all of your sales of Concord common stock that took place at any time beginning March 28, 2001 through September 4, 2002, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of a Concord Security. The date of a "short sale" is deemed to be the date of sale of a Concord common stock.

5.      You should attach copies of broker confirmations or other documentation of your transactions in Concord common stock to your claim. Failure to provide this documentation could delay verification of your claim and/or result in claim rejection.

IF YOU DO NOT ALSO COMPLETE AND RETURN THE W-9 FORM INCLUDED HEREIN, ANY RECOVERY TO WHICH YOU ARE ENTITLED MAY BE SUBJECT TO DISALLOWANCE OR 20% BACK-UP WITHHOLDING UNDER THE INTERNAL REVENUE CODE.

**Part II:       SCHEDULE OF TRANSACTIONS IN CONCORD COMMON STOCK**

Separately list each of your purchases/acquisitions or sales of Concord common stock below. Photo copy this page if more space is needed. Be sure to include your name and Social Security number or Tax ID number on any additional sheets. The date of purchase, acquisition or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

**A.**   **BEGINNING HOLDINGS:** Number of shares of Concord common stock held at the opening of trading on March 29, 2001, (if none, write 0), (Must be documented):

**B.**   **PURCHASES/ACQUISITIONS:** Purchases/acquisitions of Concord common stock during the period of March 29, 2001 through September 4, 2002, inclusive. (Must be documented):

| Date(s) of Purchase/Acquisitions (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**C.**   **SALES:** Sales of Concord common stock during the period of March 29, 2001 and September 4, 2002, inclusive. (Must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**D.**   **UNSOLD HOLDINGS:** Number of shares of Concord common stock held at the close of trading on September 4, 2002, (if none, write 0), (Holdings must be documented):

**YOU MUST READ AND SIGN THE ACKNOWLEDGEMENT AND RELEASE ON PAGE 5.**

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE**



## ACCURATE CLAIM PROCESSING TAKES TIME.
## THANK YOU FOR YOUR PATIENCE.

### REMINDER CHECKLIST

1.  Please sign the Certification Section of the Proof of Claim and Release form.

2.  If this claim is made on behalf of joint claimants, then both must sign.

3.  Please remember to attach supporting documents.

4.  DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5.  Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6.  The Administrator will acknowledge receipt of your Proof of Claim and Release form by mail. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 30 days, please call the Claims Administrator toll-free at 1 (800) 259-0294.

7.  If you move, please send us your new address.

8.  **Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN
DECEMBER 16, 2005 AND MUST BE MAILED TO:

Concord EFS, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

**PART I**

NAME:

_____

Enter TIN on the appropriate line.

For individuals, this is your social security number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

\_\_\_-\_\_-\_\_\_\_     or     \_\_-_____
Social Security Number          Employer Identification Number

**PART II**

For Payees Exempt From Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line:

_____

**PART III**

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.  The number shown on this form is my correct TIN; and

2.  I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out item b above.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information (including all copies of documents) supplied by the undersigned is true and correct.  Executed this _____ day of _____, in _____, _____.
                                              (City)                    (State / Country)

_____                    _____
(Sign your name here)                              (Sign your name here)

_____                    _____
(Type or print your name here)                     (Type or print your name here)

_____                    _____
(Capacity of person(s) signing, e.g., Beneficial   (Capacity of person(s) signing, e.g., Beneficial
Purchase, Executor or Administrator)               Purchase, Executor or Administrator)

**PART III.**     **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.       I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement of Class Action (the "Settlement Agreement") as described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Western District of Tennessee with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.

2.       I (We) agree to furnish additional information to Plaintiffs' Lead Counsel or the Settlement Administrator to support this claim, including details of transactions in Concord common stock purchased outside the Class Period if requested to do so. I (We) agree to be subject to discovery with respect to the validity and/or amount of my (our) claim.

3.       I (We) consent to summary disposition by the Court, without any right of appeal or review, with respect to the validity and/or amount of, or any other dispute regarding, my (our) claim. I (We) waive trial by jury (to the extent any such right may exist) with respect to the Court's summary disposition with respect to the validity and/or amount of my (our) claim.

**PART IV.**     **RELEASE AND CERTIFICATION**

1.       I (We) hereby acknowledge that upon the occurrence of the Settlement Effective Date, as defined in the Notice, my signature hereto will acknowledge full and complete satisfaction of and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Parties as those terms are defined below.

2.       "Released Claims" means any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or are connected with the purchase, retention, or sale of Concord common stock (ticker symbol: CEFT) during the Settlement Class Period, including, but not limited to, any event, act, statement or omission occurring during the Settlement Class Period that has been alleged or asserted in, or which could have been alleged or asserted in, the Action, any of the cases consolidated into the Action, or the Complaint.

3.       "Released Parties" means Defendants, their predecessors, successors, parents, subsidiaries, and each and all of their respective current and former officers, directors, employees, agents, accountants, auditors, attorneys, consultants, insurers, investment bankers, representatives, heirs, and assigns. The Released Parties who are not Settling Parties are intended as third party beneficiaries of the Settlement Agreement with respect to the release of Released Claims.

4.       "Unknown Claims" means any Released Claims which any Lead Plaintiff and/or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement. Without admitting that California law is in any way applicable to this agreement, in whole or in part, with respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, each Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

5.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.       I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Concord common stock that occurred during the Class Period as well as the amount of Concord common stock held by me (us) at the opening of trading on March 29, 2001, and at the close of trading on September 4, 2002. I (We) have not submitted any other claim covering the same purchases or sales of Concord common stock during the Class Period and know of no other person having done so on my (our) behalf.

7.       I (We) hereby warrant and represent that I (we) am (are) not excluded from the Class as defined herein and in the Notice.



Mr Ralph Furth
1165K S Brookside Dr
Palos Park, IL 604l64

Concord EFS, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York  11566-9000



4       If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5.      If you are a Settlement Class Member and you did not timely and validly request exclusion in connection with the proposed settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, REGARDLESS OF WHETHER YOU SUBMIT A PROOF OF CLAIM.

II.     CLAIMANT IDENTIFICATION

1.      If you purchased Concord common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Concord common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Concord common stock forming the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE CONCORD COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees may complete and sign this claim on behalf of persons represented by them, but the claim must be accompanied by evidence demonstrating their current representative capacity and authority. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim and/or result in claim rejection.

III.    CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Concord common stock" to supply all required details of your transaction(s) in Concord common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all requested information with respect to all of your purchases and all of your sales of Concord common stock that took place at any time beginning March 29, 2001 through September 4, 2002, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4       The date of covering a "short sale" is deemed to be the date of purchase of a Concord Security. The date of a "short sale" is deemed to be the date of sale of a Concord common stock.

5.      You should attach copies of broker confirmations or other documentation of your transactions in Concord common stock to your claim. Failure to provide this documentation could delay verification of your claim and/or result in claim rejection.

IF YOU DO NOT ALSO COMPLETE AND RETURN THE W-9 FORM INCLUDED HEREIN, ANY RECOVERY TO WHICH YOU ARE ENTITLED MAY BE SUBJECT TO DISALLOWANCE OR 20% BACK-UP WITHHOLDING UNDER THE INTERNAL REVENUE CODE.

## Part II: SCHEDULE OF TRANSACTIONS IN CONCORD COMMON STOCK

Separately list each of your purchases/acquisitions or sales of Concord common stock below. Photo copy this page if more space is needed. Be sure to include your name and Social Security number or Tax ID number on any additional sheets. The date of purchase, acquisition or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

**A.**   **BEGINNING HOLDINGS:** Number of shares of Concord common stock held at the opening of trading on March 29, 2001, *(if none, write 0), (Must be documented)*:

**B.**   **PURCHASES/ACQUISITIONS:** Purchases/acquisitions of Concord common stock during the period of March 29, 2001 through September 4, 2002, inclusive. *(Must be documented)*:

| Date(s) of Purchase/Acquisitions (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

**C.**   **SALES:** Sales of Concord common stock during the period of March 29, 2001 and September 4, 2002, inclusive. *(Must be documented)*:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

**D.**   **UNSOLD HOLDINGS:** Number of shares of Concord common stock held at the close of trading on September 4, 2002, *(if none, write 0), (Holdings must be documented)*:

**YOU MUST READ AND SIGN THE ACKNOWLEDGEMENT AND RELEASE ON PAGE 5.**

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE**

3



## ACCURATE CLAIM PROCESSING TAKES TIME.
## THANK YOU FOR YOUR PATIENCE.

### REMINDER CHECKLIST

1. Please sign the Certification Section of the Proof of Claim and Release form.

2. If this claim is made on behalf of joint claimants, then both must sign.

3. Please remember to attach supporting documents.

4. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6. The Administrator will acknowledge receipt of your Proof of Claim and Release form by mail. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 30 days, please call the Claims Administrator toll-free at 1 (800) 259-0294.

7. If you move, please send us your new address.

8. **Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN DECEMBER 16, 2005 AND MUST BE MAILED TO:

Concord EFS, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

**SUBSTITUTE FORM W-9**



Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:

_____

Enter TIN on the appropriate line.

For individuals, this is your social security number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _           or           _ _ - _ _ _ _ _ _ _
Social Security Number                        Employer Identification Number

PART II

For Payees Exempt From Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line:

_____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

    1.    The number shown on this form is my correct TIN; and

    2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out item b above.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information (including all copies of documents) supplied by the undersigned is true and correct.  Executed this _____ day of _____, in _____, _____
                                             (City)                    (State / Country)

_____          _____
(Sign your name here)                                    (Sign your name here)

_____          _____
(Type or print your name here)                         (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g., Beneficial         (Capacity of person(s) signing, e.g., Beneficial
Purchase, Executor or Administrator)                    Purchase, Executor or Administrator)



**PART III.       SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.       I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement of Class Action (the "Settlement Agreement") as described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Western District of Tennessee with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.

2.       I (We) agree to furnish additional information to Plaintiffs' Lead Counsel or the Settlement Administrator to support this claim, including details of transactions in Concord common stock purchased outside the Class Period if requested to do so. I (We) agree to be subject to discovery with respect to the validity and/or amount of my (our) claim.

3.       I (We) consent to summary disposition by the Court, without any right of appeal or review, with respect to the validity and/or amount of, or any other dispute regarding, my (our) claim. I (We) waive trial by jury (to the extent any such right may exist) with respect to the Court's summary disposition with respect to the validity and/or amount of my (our) claim.

**PART IV.       RELEASE AND CERTIFICATION**

1.       I (We) hereby acknowledge that upon the occurrence of the Settlement Effective Date, as defined in the Notice, my signature hereto will acknowledge full and complete satisfaction of and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Parties as those terms are defined below.

2.       "Released Claims" means any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown Claims), whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or are connected with the purchase, retention, or sale of Concord common stock (ticker symbol: CEFT) during the Settlement Class Period, including, but not limited to, any event, act, statement or omission occurring during the Settlement Class Period that has been alleged or asserted in, or which could have been alleged or asserted in, the Action, any of the cases consolidated into the Action, or the Complaint.

3.       "Released Parties" means Defendants, their predecessors, successors, parents, subsidiaries, and each and all of their respective current and former officers, directors, employees, agents, accountants, auditors, attorneys, consultants, insurers, investment bankers, representatives, heirs, and assigns. The Released Parties who are not Settling Parties are intended as third party beneficiaries of the Settlement Agreement with respect to the release of Released Claims.

4.       "Unknown Claims" means any Released Claims which any Lead Plaintiff and/or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement. Without admitting that California law is in any way applicable to this agreement, in whole or in part, with respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, each Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

5.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.       I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Concord common stock that occurred during the Class Period as well as the amount of Concord common stock held by me (us) at the opening of trading on March 29, 2001, and at the close of trading on September 4, 2002. I (We) have not submitted any other claim covering the same purchases or sales of Concord common stock during the Class Period and know of no other person having done so on my (our) behalf.

7.       I (We) hereby warrant and represent that I (we) am (are) not excluded from the Class as defined herein and in the Notice.

**Must be Postmarked**
**No Later Than:**
**December 16, 2005**

Concord EFS, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000
Toll Free:  (800) 259-0294

CEF



## PROOF OF CLAIM AND RELEASE

**PART I: CLAIMANT IDENTIFICATION**

Claim Number:   01049486     Control Number:   0063737749

NODERT SHALEK &
ELAINE SHALEK JT TEN
16606 WAYCREEK ROAD
HOUSTON, TX 77060-2217

**WRITE ANY NAME AND ADDRESS CORRECTIONS**
**BELOW OR IF THERE IS NO PREPRINTED DATA TO**
**THE LEFT, YOU MUST PROVIDE YOUR FULL NAME**
**AND ADDRESS HERE:**

Name:  *I do not wish to participate*

Address:  *Robert J Shalek  Oct 4, 2005*

City:

State/Country:

Zip Code:

*IF THE ABOVE AREA IS **BLANK**, YOU MUST ENTER*
*YOUR FULL NAME AND ADDRESS HERE* ➡

**Please fill in Social Security Number/**
**Taxpayer ID Number if box is blank:**

**Daytime Telephone Number:** (        )        -

**Evening Telephone Number:** (        )        -

Identity of Claimant (Check one):

☐ Individual/Sole Proprietor   ☐ Corporation
☐ Pension Plan                 ☐ Partnership
☐ Trust                        ☐ IRA
☐ Other_____
         (specify)

**TO:**   ALL PERSONS OR ENTITIES WHO, DURING THE PERIOD FROM MARCH 29, 2001 THROUGH SEPTEMBER 4, 2002, INCLUSIVE, PURCHASED OR OTHERWISE ACQUIRED CONCORD EFS, INC. ("CONCORD") COMMON STOCK.

ALL CLAIMANTS ARE URGED TO PLEASE READ THESE INSTRUCTIONS, NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION (THE "NOTICE") ACCOMPANYING THIS PROOF OF CLAIM ("PROOF OF CLAIM") AND HOW TO COMPLETE THE PROOF OF CLAIM PROPERLY.

**I.   GENERAL INSTRUCTIONS**

1.   To recover as a Member of the Settlement Class based upon your claims in the consolidated action entitled In re Concord EFS, Inc. Securities Litigation, Civil Action No. 02-2697, pending in the United States District Court for the Western District of Tennessee, you must complete and, on page 5 hereof, sign this Proof of Claim.  If you fail to file a properly completed Proof of Claim in the manner and time set forth in paragraph 3 below, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action, as defined in the Notice.

2.   Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of settlement in the Action.

3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM, SO THAT IT IS POSTMARKED OR RECEIVED ON OR BEFORE DECEMBER 16, 2005, TO THE FOLLOWING ADDRESS:

Concord EFS, Inc. Securities Litigation
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

HOUSTON TX 772

07 OCT 2005 PM 6 L

The Garden City Group, Inc
Settlement Administrator
P.O. Box 9000-#6344
Merrick, N.Y. 11566-9000

11566-9000

1.      **Filing a Proof of Claim.** You may complete and file the attached Proof of Claim and Release ("Proof of Claim") as described below. If you choose this option, you will remain a Member, you will share in the proceeds of the proposed settlement if your claim is timely and valid and if the proposed settlement is finally approved by the Court, and you will be bound by the Final Judgment and Release described below.

2.      **Requesting Exclusion.** If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded. To do so, you must so state in writing no later than October 4, 2005, to the following address:

*[handwritten:] NO date in envelope to receive when mailed !! How dare you !!!*

> Concord EFS, Inc. Securities Litigation
> Exclusions
> c/o The Garden City Group, Inc.
> Settlement Administrator
> P.O. Box 9000 #6344
> Merrick, New York 11566-9000

*[handwritten:] I received this notice today 10/4-05 in my mailbox — RELEASE ME — Dorothy Elizabeth Smith*

ur exclusion request must set forth:

(a)     the name of the Action (*In re Concord EFS, Inc Securities Litigation*, Civil Action No. 02-CV-2697);

(b)     your name, address, and telephone number, and the name and address of the record owner of your 'oncord common stock if different from your own;

(c)     the number of shares of Concord common stock you purchased (or options in Concord common stock you ansacted) during the Settlement Class Period, and the dates of each such transaction; and

*[stamp:] THE GARDEN CITY GROUP, INC. OCT 17 2005*

(d)     that you wish to be excluded from the Class.

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

3.      If you validly request exclusion from the Class: (a) you will be excluded from the Class; (b) you will not share in the proceeds of the settlement described herein; (c) you will not be bound by any judgment entered in the Action; and (d) you will not be precluded from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Action.

4.      If you do not request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Action in connection with the proposed settlement, whether favorable or unfavorable to the Class, including, without limitation, the Final Judgment described below, and you shall be deemed to have, and by operation of the Final Judgment shall have, fully and finally released all of the "Released Claims" (as defined herein), regardless of whether you submit a valid Proof of Claim. Even if you have a pending litigation, arbitration or other proceeding against any of the "Released Parties" relating to any of the "Released Claims," or want to start such a proceeding later, you must exclude yourself from the Class if you want to continue or bring the proceeding. If you have a pending lawsuit, speak to your lawyer in that case immediately.

5.      **Objecting to the Settlement.** If you do not request exclusion from the Class, you may object to any aspect of the proposed settlement, and/or the application of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses. Your objection must (1) be in writing, (2) include your name, address and telephone number; (3) demonstrate your membership in the Settlement Class, including the number of shares you purchased; (4) state the reasons for your objection and include any factual and/or legal materials that you believe support your objection. To be considered, any objection and supporting materials must be filed with the Court no later than October 4, 2005:

> Clerk of the Court
> United States District Court
> Western District of Tennessee, Memphis Division
> Room 242, Clifford Davis Federal Building
> 167 North Main Street
> Memphis, Tennessee 38103

*[handwritten:] 10/4-05 Dorothy Elizabeth Willen Smith 9204 Oakmeadow Dn. Austin, TX 78748*

You must also serve copies of your objection and any supporting materials on Plaintiffs' Lead Counsel and Defendants' Counsel, at the following addresses no later than October 4, 2005:

Counsel for the Class:

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
PETER C. HARRAR
PAULETTE S. FOX
270 Madison Avenue
New York, NY 10016

-and-

Counsel for the Defendants:

SIDLEY AUSTIN BROWN & WOOD LLP
GERARD D. KELLY
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

5

Dorothy Elizabeth LD'iber Smith
9304 Link meadow Dr.
Austin, TX 78748

How dare you have the gull need to mail delivered deadline date - was on the deadline postmark date on the envelope!!

4/10/05

Counsel EFS, Inc. Securities Litigation
Exclusion
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, N.Y. 11566-9000

1-1566-9000

THE GARDEN CITY GROUP INC

OCT 19 2005

Oct 8, 2005

Gentlemen

Please exclud me from the following class action (Concord EFS, Inc. Securities Litigation, Civil Action no. 02-CV-2697)

I was in a managed account by Gartmore GDB Investments. The common stock was bought and sold everyday. I can't tell you the dates and shares of each transaction.

I just received the paperwork yesterday, Oct 6, 2005. The envelope had no postage date stamped on it.

I do wish to be

Excluded from the class.

Janet Quirst
248 Orient Way
Lyndhurst, NJ 07071
201-438-3738

Thank you



Janet Dursi
240 Grant Way
Lyndhurst, NJ 07071-1618

NNJ METRO P&DC 076

11 OCT 2005 PM 1 T



Concord EFS, Inc. Securities Litigation (Exclusions)
c/o The Garden City Group, Inc
Settlement Administrator
PO Box 9000 #6344
Merrick, N.Y. 11566-9000

11566-9000



1800 Via Estudillo
Palos Verdes Estates, CA 90274
October 5, 2005
(310) 375 7165

Concord EFS, Inc. Securities Litigation
Exclusions
C/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

Number of Shares                    Date Purchased

10                                        April 2001

5                                         December 2001

We wish to be excluded from *In re Concord EFS, Inc. securities Litigation, Civil Action No. 02-CV-2697.*


Paul H Denke                              Beryl A Denke

Paul H Denke                              Beryl A Denke

UR. H. DENKE
DRYL DENKE
10 VIA ESTUDILLO
IDES ESTATES, CA 90274




Concord EFS, Inc. Securities Litigation
Exclusions
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

1 1366+9000

Bela TELEK
66 Parkview Drive
Rochester NY 14625-1034

Claim Nr :02023153

Control Nr : 1966227955



Concord EFS, Inc. Securities Litigation
            Exclusions
c/o The Garden City Group, Inc.
Settlement Administrator
P.O. Box 9000 #6344
Merrick, New York 11566-9000

Notification Date Received: October 07,2005

Reply Date: ...............October 10,2005

Exclusion Request

(a) In re Concord EFS,Inc.Securities Litigation,
    Civil Action No. 02-CV-2697;

(b) My name and the name of the record owner of Concord common stock:
    Bela TELEK
    66 Parkview Drive
    Rochester NY 14625-1034

    Telephone Nr: 1-585-288-4926

(c) Transactions, subject of Concord common stocks:
    Purchased 500shares, April 26,2001.
    Sold 500shares, August 03,2001.

(d) MY WISH IS TO BE EXCLUDED FROM THE CLASS.

                        Bela Telek

                        Bela TELEK

ℂ .
ew Drive
NY 14625-1034





7004 1160 0006 0305 0245

Concord ETS,Inc.Securities Litigation
                    EXCLUSIONS
C/o The Garden City Group,Inc.

Settlement Administrator

P.O. Box 9000 #6344

Merrick, New York 11566-9000

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 144 in case 2:02-CV-02697 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Fred Taylor Isquith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Scott J. Crosby
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

William E. Hoese
KOHN SWIFT & GRAF PC
One South Broad Street
Ste. 2100
Philadelphia, PA 19107--292

Peter C. Harrar
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Wade B. Cowan
LAW OFFICES OF WADE B COWAN
404 Georgetown Drive
Nashville, TN 37205

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

David F. Graham
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

William F. Conlon
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

Mark R. Rosen
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Henry Rosen
MILBERG WEISS BERSHAD HYNES & LERACH, LLP
600 West Broadway
Ste. 1800
San Diego, CA 92101

W.J. Michael Cody
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Ronald D. Krelstein
LAW OFFICE OF RONALD D. KRELSTEIN
7515 Corporate Centre Drive
Germantown, TN 38138--383

Darren J. Robbins
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 W. Broadway
Ste. 1900
San Diego, CA 92101

Joseph C. Kohn
KOHN SWIFT & GRAF PC
One South Broad Street
Ste. 2100
Philadelphia, PA 19107--292

Paulette S. Fox
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Gustavo Bruckner
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN
401 E. Pratt St.
Ste. 2525
Baltimore, MD 21202

Mark E. King
DAVID B. KAHN & ASSOCIATES, LTD.
One Northfield Plaza
Suite 100
Northfield, IL 60093

Andrew J. Brown
LERACH COUGHLIN STOIA & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Gerard D. Kelly
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

David B. Kahn
DAVID B. KAHN & ASSOCIATES, LTD.
One Northfield Plaza
Suite 100
Northfield, IL 60093

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Timothy L. Miles
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Jeffrey A. Barrack
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Daniel E. Bacine
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Douglas S. Johnston
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Nathan A. Bicks
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

George E. Barrett
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

John M. Elliott
ELLIOTT REIHNER SIEDZIKOWSKI & EGAN PC
Union Meeting Corporate Center V
925 Harvest Dr.
Blue Bell, PA 19422

William S. Lerach
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 W. Broadway
Ste. 1900
San Diego, CA 92101

Paul Kent Bramlett
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215--073

Rachel M. Blum
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn St.
Chicago, IL 60603

Katherine B. Dubose
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Honorable Samuel Mays
US DISTRICT COURT